POTOMAC INSURANCE COMPANY, Respondent, v. GEORGE T. DONOVAN, Appellant.— Memorandum: Defendant rested his case without offering any evidence. Plaintiff's counsel requested the court to charge " that if the defendant failed to produce his employee, the absence of that witness can be held to infer that his testimony would not be favorable to the defendant. The Court: I will so charge." The transaction upon which plaintiff's cause of action is based occurred in 1944 when defendant's employee was about fifteen years of age. This trial was had in 1950 and the record does not disclose whether such employee was still in defendant's employ or in any way subject to his control at the time of the trial. The

plaintiff was not, under the circumstances, entitled to the charge requested. (See *Santiago* v. *Walsh Stevedore Co.*, 152 App. Div. 697, 699.) Plaintiff's counsel also requested the court to charge: " that if the attendant in the lot permitted someone other than the owner to drive the car out, then the owner of the lot can be held responsible for that negligence. The Court: I will charge that if he permitted someone else to drive it out he is chargeable with negligence." There was no evidence in the record to support an inference that the attendant permitted anyone to drive the car out and the request and the charge were therefore improper. The question of fact here was close. Plaintiff failed to fully develop the facts as to the situation prevailing at the parking lot. We regard the errors above mentioned as prejudicial. All concur, except Piper, J., who dissents and votes for reversal and for dismissal of the complaint in the following memorandum: I agree with the majority that the judgment must be set aside because of errors of law. I disagree only as to a new trial of the issues. It was alleged in the complaint and also in the answer that the automobile was stolen from defendant's parking lot. That fact not being in dispute, the rule that the demand for the return of the chattel, and the bailee's refusal to deliver creates a prima facie case is not applicable. Under such a statement of facts the burden is upon the plaintiff to allege and prove that the bailee was negligent in that he or his employees failed to use reasonable care to safeguard the automobile and that such negligence caused or contributed to the loss of the car by theft. (*Claflin* v. *Meyer*, 75 N. Y. 260; *Castorina* v. *Rosen*, 290 N. Y. 445.) Plaintiff's counsel recognized this to be the rule and in his opening to the jury said: " We are going to show you by the evidence that this loss occurred through a failure of Mr. Donovan to take proper care, proper protection to safeguard those automobiles in his lot." In spite of his statement he introduced no evidence from which the jury could find, or draw any inference, of negligence on the part of the defendant. Plaintiff having failed to meet the burden of showing that defendant failed to use reasonable care, the complaint should be dismissed. (Appeal from a judgment for plaintiff in an action by an insurance company to recover from the operator of a parking lot the amount which plaintiff had paid for damage to an automobile. (The order denied a motion for a new trial.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.